## Case No. 12,600.

### In re SECKENDORF.

[2 Ben. 462; [1] 1 N. B. R. 626 (Quarto, 185); 15 Pittsb. Leg. J. 450; 1 Am. Law T. Rep. Bankr. 122.]

District Court, S. D. New York. June, 1868.

BANKRUPTCY — ADJOURNMENT — EXAMINATION OF BANKRUPT—OBJECTIONS.

1. Where an order was obtained for the examination of a bankrupt and his wife, proceedings on which order were adjourned several times, during which time the bankrupt filed a petition for discharge, and obtained an order to show cause, but nothing was done on the return day of that order, but objections were afterward filed, and thereupon, on the day to which the examination had been adjourned, the bankrupt objected to being examined, on the ground that he had applied for his discharge, and the time to file objections to the discharge had expired: *held*, that the adjournment, without day, of the proceedings under the petition for discharge, terminated those proceedings, unless a new order was issued.

[Cited in Re Seabury, Case No. 12,573.]

2. The objections to the discharge might stand as properly filed.

3. The time to examine witnesses had not expired.

4. The time to file objections should be kept open by adjournments of any order to show cause, until a full opportunity for the examination of the bankrupt and his wife, and other witnesses, had been given.

[Cited in Re Jacobs, Case No. 7,160.]

[In the matter of Isaac Seckendorf, a bankrupt.]

By the Register:

[2] [I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and is stated and agreed to by the counsel for the opposing parties, to wit: Mr. Du Bois Smith (substituted for Mr Kaufman), who appeared for the bankrupt, and Messrs. Brown & Estes, who appeared for J. Stadeker, a creditor of the said bankrupt.

[Facts: The petition was filed 21st November, 1861, and the first meeting of creditors

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 1 N. B. R. 626 (Quarto, 185).]

was held on return of the warrant, 30th January, 1868, when this creditor made proof of his claim. On the 3d of March order was made, on application of the creditor's attorney, for examination of the bankrupt and his wife, and the respective attorneys attended from time to time, and, by consent, adjourned, without examination, seven days in March, eight days in April, and five days in May, the last the 19th of May, when the bankrupt not appearing, nor his wife, adjournment was made by the register to the 26th of May. On the 18th of March, the bankrupt, on his petition for discharge, obtained order to show cause, &c., returnable to the 20th April. On the 15th of May, this creditor filed notice of appearance in opposition, the bankrupt's attorney being present, and saying that he did not object, but gave no consent thereto; and both attorneys then consented to postpone the said examination to 19th of May. On the 19th of May, this creditor filed his objections to the bankrupt's discharge. On the 26th of May, the present attorney of the bankrupt first appeared, and showing his substitution as such, he objected in writing to the examination of the bankrupt and his wife. First. Because the time to examine witnesses had expired, the bankrupt having applied for his discharge. Second. That the time allowed to file objections of the creditor had expired. The bankrupt has not attended or taken the oath under the 29th section [of the act of 1867 (14 Stat. 532)], nor has the assignee made return as to assets, nor have any proofs of publication of notice to show cause, &c., been filed. Nothing was done by the bankrupt on the 20th of April, required then for his discharge, and proceedings were then, after filing notice of appearance in opposition by another creditor, adjourned without day.

[Opinion: I am of opinion that the adjournments mentioned kept open the time for appearance in opposition, and for filing objections, and for making the examinations before ordered. An affidavit by the creditor's attorney and the objections of the attorney of the bankrupt are sent herewith.

[Respectfully submitted.] [a]

BLATCHFORD, District Judge. The adjournment without day, on the 20th of April, of the proceedings under the petition for discharge, terminated those proceedings, so far as any action under the order to show cause against the petition was concerned. The petition for discharge remains good, but nothing can be done under it, unless a new order to show cause is issued. The creditor who filed the objections to the discharge was not called upon to file them when he did, but they may stand as properly filed under the petition for discharge. All the creditors who shall have proved their debts will have a new day for filing objection, under the new order to show cause. The time to examine witnesses has

not expired, and the time to file objections to the discharge should be kept open by adjourning any day which may be fixed for showing cause against a discharge, until a full, reasonable opportunity is afforded for the examination of the bankrupt and his wife, and other witnesses, if such examination is desired.